UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BRAVA INVESTMENTS DEVELOPMENT, LTD., | **ANSWER** |
| Plaintiff, | Case No. 07 CV 3205 |
| v. | |
| HSBC BANK USA N.A., | Hon. Victor Marrero |
| Defendant. | |

_____

Defendant, HSBC Bank USA, National Association ("HBUS"), by its attorneys, Scott D. Miller and Michael T. Ryan, as and for its answer to plaintiff's complaint, hereby states as follows, upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint.

2. In response to paragraph 2 of plaintiff's complaint, admits only that HSBC Bank USA, National Association is a bank organized and existing pursuant to the laws of the United States with its headquarters in Delaware and that HBUS is wholly owned by HSBC USA, Inc. and HSBC North America Holdings, Inc. and denies the remaining allegations contained therein.

3. The allegations contained in paragraph 3 of plaintiff's complaint paraphrase certain federal statutes and therefore HBUS denies the allegations and refers the Court to the full statutes to determine their meaning and effect.

4. The allegations contained in paragraph 4 of plaintiff's complaint paraphrase certain federal statutes and therefore HBUS denies the allegations and refers the Court to the full statutes to determine their meaning and effect.

5. The allegations contained in paragraph 5 of plaintiff's complaint paraphrase certain federal statutes and therefore HBUS denies the allegations and refers the Court to the full statute to determine their meaning and effect.

6. In response to the allegations contained in paragraph 6 of plaintiff's complaint, denies the allegations because no exhibits were annexed to the complaint as served upon HBUS.

7. In response to the allegations contained in paragraph 7 of plaintiff's complaint, admits only that Brava had an account at HSBC and denies the remaining allegations as well as referring the Court to the complete documents forming the account relationship for the exact terms and conditions contained therein.

8. In response to the allegations contained in paragraph 8 of plaintiff's complaint, admits only that a power of attorney was supplied to HBUS but refers the Court to the original documents for the exact terms and conditions and therefore denies the remaining allegations contained therein.

9. In response to the allegations contained in paragraph 9 of plaintiff's complaint, admits only that HSBC purchased bonds for Brava and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10. Admits only the allegations contained in paragraph 10 of plaintiff's complaint that refer to purchasing the bonds and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

11. Admits only the allegations contained in paragraph 11 of plaintiff's complaint that refer to a tender offer being made and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's complaint.

14. Denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiff's complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's complaint.

19. In response to the allegations contained in paragraph 19 of plaintiff's complaint, HBUS only admits that Brava advised investors that the "sale" was stayed or otherwise prevented or delayed by proceedings in Argentina and denies any and all remaining allegations contained therein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint.

22. In response to the allegations contained in paragraph 22 of plaintiff's complaint, admits only those allegations that refer to a tender request being made on or about June 14, 2006 but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

23. Admits the allegations contained in paragraph 23 of plaintiff's complaint.

24. Admits only that a letter dated June 22, 2006 was provided to HBUS by plaintiff but refers to Court to the original for its complete terms and meaning and therefore denies the remaining allegations contained in paragraph 24 of plaintiff's complaint.

25. Denies the allegations contained in paragraph 25 of plaintiff's complaint.

26. Denies the allegations contained in paragraph 26 of plaintiff's complaint.

27. Admits only that a letter dated June 22, 2006 was provided to HBUS by plaintiff but refers to Court to the original for its complete terms and meaning and therefore denies the remaining allegations contained in paragraph 27 of plaintiff's complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's complaint.

30. Admits only those portions of paragraph 30 of plaintiff's complaint that refer to HBUS not have produced "a document" and denies the remaining allegations contained therein.

31. Denies the allegations contained in paragraph 31 of plaintiff's complaint.

32. In response to paragraph 32 of plaintiff's complaint, repeats and realleges each and every response to the allegations contained therein as though fully set forth herein.

33. Admits the allegations contained in paragraph 33 of plaintiff's complaint except denies knowledge or information sufficient to form a belief as to the truth of the valuable consideration as alleged.

34. Denies the allegations contained in paragraph 34 of plaintiff's complaint because they selectively paraphrase the parties' obligations and therefore refers the Court to the entire agreement for its complete terms and its meaning.

35. Denies the allegations contained in paragraph 35 of plaintiff's complaint.

36. Denies the allegations contained in paragraph 36 of plaintiff's complaint.

37. Denies the allegations contained in paragraph 37 of plaintiff's complaint.

38. Denies the allegations contained in paragraph 38 of plaintiff's complaint.

39. Denies the allegations contained in paragraph 39 of plaintiff's complaint.

40. In response to paragraph 40 of plaintiff's complaint, repeats and realleges each and every response to the allegations contained therein as though fully set forth herein.

41. Denies the allegations contained in paragraph 41 of plaintiff's complaint that refer to HBUS making any inducements to plaintiff but admits that HBUS is familiar with the buying and selling of securities and other matters related thereto as alleged and denies those allegations that refer to exercising reasonable diligence and the care ordinarily possessed by institutions or persons engaged in the same business in this state because those terms are neither defined nor readily understood.

42. In response to the allegations contained in paragraph 42 of plaintiff's complaint, admits only those allegations that refer to a tender request being made on or about June 14, 2006 but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

43. Denies the allegations contained in paragraph 43 of plaintiff's complaint.

44. Denies the allegations contained in paragraph 44 of plaintiff's complaint because the allegations call for conclusions of law exclusively reserved for the trier of law.

45. Denies the allegations contained in paragraph 45 of plaintiff's complaint.

46. Denies the allegations contained in paragraph 46 of plaintiff's complaint because the allegations call for conclusions of law exclusively reserved for the trier of law.

47. Denies the allegations contained in paragraph 47 of plaintiff's complaint.

48. Denies the allegations contained in paragraph 48 of plaintiff's complaint.

49. In response to paragraph 49 of plaintiff's complaint, repeats and realleges each and every response to the allegations contained therein as though fully set forth herein.

50. Denies the allegations contained in paragraph 50 of plaintiff's complaint.

51. Admits only the allegations contained in paragraph 51 of plaintiff's complaint that HBUS has not returned the bonds but states the bonds were tendered, plaintiff credited with the proceeds and are no longer in HBUS' possession and denies the remaining allegations contained therein.

52. Denies the allegations contained in paragraph 52 of plaintiff's complaint.

53. Denies the allegations contained in paragraph 53 of plaintiff's complaint.

54. Denies each and every allegation in plaintiff's complaint not otherwise heretofore specifically admitted or denied in this answer.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANT STATES AS FOLLOWS UPON INFORMATION AND BELIEF**

55. Statements of account were mailed to plaintiff containing the tender and proceeds. Those statements were retained without objection. Accordingly, plaintiff's claim is barred in whole or in part by account stated.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT STATES AS FOLLOWS UPON INFORMATION AND BELIEF**

56. The tender of the bonds in the year 2003 was at the oral direction of plaintiff's attorney-in-fact. Accordingly, any loss alleged was due to plaintiff's own agent, and not HBUS.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT STATES AS FOLLOWS UPON INFORMATION AND BELIEF**

57. Under the Terms and Conditions applicable to plaintiff's account, attached as Exhibit 1, plaintiff waived trial by jury and all claims for consequential damages.

**WHEREFORE**, defendant HSBC Bank USA, National Association demands judgment dismissing plaintiff's complaint with prejudice on its merits, and awarding its costs, disbursements and any other relief that the Court deems just and proper.

**DATED**:    Buffalo, New York
              June 13, 2007

S/Scott D. Miller
Scott D. Miller, Michael T. Ryan and
Meredith L. Friedman
Attorneys for Defendant
HSBC Bank USA, National Association
One HSBC Center, 27th floor
Buffalo, New York 14203
(716) 841-4230, (716) 841-2293 and
(212) 525-3923

8

Filed electronically in the SDNY

Copy to:

Paul H. Levinson, Esq.
McLaughlin & Stern, LLP
Attorneys for Plaintiff
260 Madison Avenue, 18th Floor
New York, New York  10016
(212) 448-1100
plevinson@mclaughlinstern.com

HMB\brava\answer

# EXHIBIT 1

# HSBC Private Bank

## TERMS AND CONDITIONS FOR ONLINE BANKING SERVICE
### For individuals and organizations

For: HSBC Bank USA, N.A.; HSBC Private Bank International (each "HSBC Private Bank")

The following Terms and Conditions, as amended from time to time, together with the Online Banking Application (and in addition to Account agreements, as specified below), govern the use of Online Banking for international private banking clients with respect to their accounts with HSBC Bank USA, National Association and HSBC Private Bank International, (the "Account(s)").

In these Terms and Conditions, the following words have these meanings: "You", and "your" refers to all the holder(s) of an Account acting directly or through authorized representatives on that Account. "HSBC " means HSBC Holdings plc and its subsidiaries and affiliates wherever located. "We" or "Account Office(s)", " refers to the relevant HSBC entities with which or through which the Account(s) are established. "Organization" means a legal person other than an individual. "Business Day" refers to a day, which is a business day at the relevant Account Office.

**Types of Available Services**

Here's what you'll be able to do on your computer with Online Banking:

**Information.**
Obtain account balances, transaction and consolidated information about the Accounts selected for linkage as of the close of business on the preceding Business Day. However, transactions are not captured until the Business Day after execution.

Review transaction information for the last twelve months.
Download transaction information by following the online instructions accessible through the Account Inquiry Screen.

If the 'View Details' feature is selected, you will also be able to see the transaction details, such as payee name and account #, which appear in the "Transaction Description" section of your official account statements.

Access various products, services and other information as posted from time to time.

**Communication.**
Send and receive e-mail communications/messages with your Relationship Manager.

**Types of Accounts.**
Information can be accessed about a variety of checking, savings, custody, credit and other accounts as elegible for information access from time to time.

**Linked Eligible Accounts.**
All eligible and selected Accounts will be linked and will appear together without regard to ownership of those accounts. For example, if an authorized representative of an Account accesses Online banking, that representative will be able to view and access at a single time the following Accounts: the Accounts of any business or Organization for which that person is an authorized representative; and any individual or other Account for which the person is a joint holder or an authorized signer under a power of attorney or other authority.

**Removal of Account Access.**
You may request removing access to any Account by notifying us via your Relationship Manager.

**Security.**
Your Password and Username are used for identification when accessing Online Banking. Your Password acts as your **signature**.

You can change your Password and Username online at any time. For your protection, you should memorize your Password and not keep any notation of your Password on or with your computer. You agree not to give your Online banking Username or Password to anyone you do not authorize to use the Online Banking Service.

Protect your username and password to avoid any unauthorized access to your Account.

If any of your Accounts is a joint account or has additional authorized signers, each owner, or authorized signer may register for a separate Username and Password

You understand and agree that each account holder is jointly and individually responsible for all Online Banking actions and transactions that affect that Account. You confirm that you have reviewed the security features for Online Banking and determined that these features, together with your own security measures, are adequate for your Accounts. You authorize HSBC to execute all instructions affecting your Accounts received through Online Banking using the agreed security procedures.

You agree that you are responsible for the performance and protection of any browser used in connection with Online Banking, including the prompt adoption of all security patches and other security measures issued or recommended from time to time by the suppliers of such browsers.

E-Mail and the other services available under Online Banking are designed to provide maximum security for your information. They require a Username and Password; they use high levels of security through 128-Bit Encryption. However, the confidentiality of e-mail or other Internet transmission is not absolute and cannot be guaranteed.

**Authorized Representatives.**
Any one of the account holder(s)' representatives (officers, partners, attorneys-in-fact, joint account holders, agents, employees or others) is authorized from time to time to: accept these Terms and Conditions, as amended from time to time; access each eligible Account and request linkage of such Accounts in any manner and for any purpose available through Online Banking, whether now available or available at some time in the future. Any such representative certifies individually that s/he is authorized and empowered to so act.

All account holders assume full responsibility individually and together for any and all use, unauthorized use or misuse of Online Banking by any account holder, any of such representatives, or by any other person though their facilities or otherwise, and agree that they will be bound by any message or instruction effected through a User ID and Password whether or not the action or transaction, or the person carrying out the action or transaction, was properly authorized or not.

**Contracts.**
You will be bound by any affirmance, assent or agreement transmitted. You agree that clicking on an "I agree", "I consent" or other similarly worded "button" or entry field with a mouse, keystroke or other computer device, agreement or consent will be legally binding and enforceable and the legal equivalent of a handwritten signature by or for the account holders.

**Response Availability.**
You understand that response times may vary due to market conditions, system performance, access device location or other factors, and that access to Online Banking may be limited or unavailable during periods of peak demand, market volatility, systems upgrades, maintenance or for any other reason whatsoever.

You acknowledge that interruption or malfunction of communications, failure of software or equipment, or malfunction of your or our computer system for any reason may result in our not receiving instructions or your not receiving our electronic acknowledgement, if applicable, and that HSBC shall have no liability in respect of any such interruption or malfunction. You are responsible for contacting us outside Online Banking if you have not received our electronic acknowledgement.

**E-Mail.**
E-Mail is our private bank secured e-mail system, which you may use to send and receive e-mail relating to your Account(s). The secure E-Mail is only available once you are logged into the Online Banking Service.

We will attempt to respond to your E-Mail promptly after we receive it. <u>Do not use E-Mail if you need to contact us immediately. Call your relationship manager.</u>

**Official Statements.**
Account information received through Online Banking is provided for your convenience only. It may not be complete, updated, current or accurate; you agree that your periodic statement will constitute the official record or statement of the relevant account.

**Indemnification.**
Except to the extent that HSBC is expressly stated to be liable under these Terms, you agree individually and together to indemnify and hold HSBC, their directors, officers, employees, service providers and agents harmless from all actions, loss, liability, claims, demands, damages, judgments, costs and expenses (including legal expenses) ("the Claims") by or to anyone arising directly or indirectly out of or in any way connected with Online Banking, related services, and any act or failure to act by any of them in connection therewith.

Without in any way limiting the generality of the preceding provision, except as specifically provided otherwise in these Terms and Conditions (or where applicable law requires a different result which is not modifiable by contract), none of HSBC, their directors, officers, employees, service providers or agents will be liable for any Claims resulting in whole or in part from any act or failure to act of their, your, or any third party's equipment or software, of any Internet browser provider, of any Internet access provider, of any online service provider, or of an affiliate, agent or contractor of any of them.

**No consequential damages.**
In no event will any of HSBC, their directors, officers, employees, service providers or agents be responsible for any direct or indirect special or consequential economic or other damages to anyone arising directly or indirectly out of or in any way connected with Online Banking, related services, or any act or failure to act by anyone in connection therewith.

**Recording.**
You authorize HSBC to record and copy phone calls and e-mail communications.

**Compliance.**
You agree to use this service for lawful purposes only.

**Confidentiality - Information Sharing Consent.**
<u>Account linkage</u>
You understand and agree that applying for, downloading and/or printing information about, linked accounts with different titles, and doing so from various locations, may subject that information to the various laws of all the countries where such information is retrieved or exists, and that such laws may differ with respect to confidentiality and required disclosure of records and information.

<u>Sharing information with HSBC entities and service providers</u>
 - Web-site location: you understand, agree and specifically consent that the web-site for Online Banking may be located with our affiliate or service provider in or outside the United States as we select from time to time without prior notice to you.
 - You understand, agree and specifically consent that in providing Online-Banking services we do and may share information of any kind about you among HSBC entities and service providers in connection with the provision of these services.
 - Without limitation, services which were previously provided by us may, due to changes resulting from regulatory or other developments, be later provided by one of our securities or other affiliates and their clearing broker.

**Fees.**
Our Online Banking is free. Your Internet service provider may charge fees. If electronic transaction fees apply, you will receive notice in advance of such changes to these Terms and Conditions.

**Changes in Terms/Additional Services/New Providers.**
We may change this Agreement, by sending you a notice by e-mail or by posting a notice of such change on our private bank Website or in the Account Office where you maintain the relevant Account. However, if the change results in (1) increased or new fees or charges, (2) increased liability for you, (3) fewer types of available Online Banking, or (4) stricter limitations on the frequency or dollar amounts of transfers, then, unless the change must be made immediately for security reasons, we will send you notice at least 30 days before the effective date of the change.

If additional services are added (such as transactions and funds transfers), we will provide you with additional terms for such services by mailing, delivering or e-mailing them to you. The new terms will apply to the new services when you use them.
You agree that services which were previously provided by us may, due to changes resulting from regulatory or other developments, be later provided by one of our securities or other affiliates, and that these Terms and Conditions shall, where applicable, apply to the provision of services by such persons once we have notified you.

**Notices.**
Any notice will be deemed given when posted, personally delivered, or sent to your address of record (which includes your Hold-Mail address). You agree that use of your Hold-Mail address may prevent you from timely access to important information and inability to exercise your rights in a timely manner, and agree to fully assume these risks.

**Screen Terms.**
Each linked Account and the Online Banking services will also be subject to the terms or instructions appearing on a screen when using a service.

**Other Agreements.**
Except as noted in this agreement, Online Banking services are additionally subject to the relevant account and product agreements, rules, policies and procedures. In the event of any inconsistency between the terms of this agreement and the terms of any other agreement, this agreement will govern, but in the event of an inconsistency with respect to the terms of any product, the other documents establishing such terms will govern.

**Termination.**
HSBC may cancel your Online Banking access without prior notice if there has been no Online Banking activity for a period of 3(three) consecutive months or for any other reason. We may also cancel all or part of Online Banking without prior notice.

**Assignment.**
We may assign this Agreement in whole or in part to any HSBC entity. You may not assign this agreement without our prior written consent; any such assignment will be null and void.

**Severable provisions.**
In the event that any provision of this Agreement is determined by a court to be invalid, the remaining provisions will remain in full force and effect.

**Waiver of Sovereign Immunity.**
Each of you irrevocably waives, with respect to you, your revenues and assets, immunity on the grounds of sovereignty or other similar grounds, from (i) suit, (ii) jurisdiction of any court, (iii) relief by way of injunction, order for specific performance or for recovery of property, (iv) attachment of assets (whether before or after judgment) and (v) execution of enforcement of any judgment, to which your revenues or assets might otherwise be entitled, in any actions or proceedings in the courts of any jurisdiction and agrees, to the extent permitted by applicable law, that you will not claim any such immunity in any actions or proceedings. Each of you represents and agrees that your activities using this agreement will be commercial activities.

**Governing Law-Submission to jurisdiction-Waiver of Jury trial**
This Agreement shall be governed by applicable federal law and regulations, and by the state law of the location of the Account Office, which carries the relevant Account (New York, California or Florida law as the case may be) (the "Relevant Location"). Except to the extent that a relevant Account agreement provides exclusively for arbitration of disputes, in which case such provision shall govern, each of you submits to the jurisdiction of the courts in the Relevant Location in any action, proceeding or counterclaim related to this agreement, the services or Online Banking; agrees that service of process in such action shall be valid when made by registered mail to your last address of record; and agrees not to invoke the defense of inconvenient forum in such action. **HSBC and you waive any right any of you or any of them may have to trial by jury in any such action or proceeding.**